**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JUSTIN PAUL GATES,** | * |
| **AIS # 188581,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | * **CIVIL ACTION NO. 26-00243-KD-B** |
| | * |
| **MARENGO COUNTY JUSTICE** | * |
| **DEPARTMENT,** | * |
| | * |
| **Defendant.** | * |

**ORDER**

This action is before the Court on review.[1]  Plaintiff Justin Paul Gates ("Gates"), an Alabama prison inmate proceeding without an attorney, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees in the United States District Court for the Middle District of Alabama.  (Docs. 1, 2).  This action was subsequently transferred to the United States District Court for the Southern District of Alabama.  (Docs. 3, 4).

**I.   Gates's Allegations**

In his complaint, Gates states that he is presently confined by the Alabama Department of Corrections at Kilby Correctional Facility.  (Doc. 1 at 2).  Gates alleges that he was arrested in

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Dallas County on June 19, 2024, and he attempted to make bond but was told that Marengo County had "placed a hold" on him. (Id. at 3). Gates indicates that he accepted a plea agreement "because it was to include all time served in Marengo & Dallas Co. & Prison." (Id.). However, Gates asserts that "Marengo County" "failed to honor [the] plea agreement on jail credit for time served." (Id. at 2). Gates contends that he "should have been released from prison on June 19, 2026," but instead he has "been locked up ever[] since" his arrest in June 2024. (Id. at 3). For relief, Gates is "asking this court to correct [his] jail credit and release [him] from prison, and [to] be comp[e]nsated for all extra days of incarceration." (Id. at 4).

## II.  Discussion

An inmate may seek relief in federal court under two primary avenues: a petition for a writ of habeas corpus and a complaint under 42 U.S.C. § 1983. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Claims challenging the lawfulness of an inmate's confinement or the particulars affecting its duration fall solely within the province of habeas corpus. Id.; see also Vaz v. Skinner, 634 F. App'x 778, 780 (11th Cir. 2015) (per curiam) (noting that claims "challenging the fact or duration of a sentence fall within the 'core' of habeas corpus"). On the other hand, when an inmate challenges the conditions of his confinement but not the fact or duration of his confinement, the claim is properly

raised in a civil rights action under § 1983.  Hutcherson, 468 F.3d at 754.  The federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action."  Id.

Here, given that he is challenging the lawfulness of his continued confinement and seeking to be released from prison *and also* requesting compensation for alleged over-detention, it appears that Gates is trying to raise habeas and § 1983 claims in the same action, which he cannot do.

### A.    Requirements for a § 2254 Habeas Action

In a habeas petition, a person is challenging the constitutionality of the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Damages (e.g., "be[ing] comp[e]nsated for all extra days of incarceration") are not available in a habeas action.  Id. at 494.  The sole remedy available in a habeas action is "immediate release or a speedier release from . . . imprisonment."  Id. at 500.  Thus, to the extent Gates is seeking immediate or speedier release from custody, habeas corpus is his exclusive remedy.  See id.; Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam).

Convicted state prisoners such as Gates must seek federal habeas corpus relief through 28 U.S.C. § 2254, which applies "to a petitioner 'in custody pursuant to the judgment of a state

court.'"  Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) (citations omitted).  A habeas petition must name the state officer who has custody of the habeas petitioner as the respondent, and the state officer who has custody of the petitioner is the person who will respond to the petition.  See Rules Governing § 2254 Cases, R. 2(a).  In habeas challenges to the petitioner's present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

The filing fee for a habeas petition is $5.00.  28 U.S.C. § 1914(a).  If a habeas petitioner cannot afford to pay the $5.00 habeas filing fee, the petitioner may complete and file this Court's form for a motion to proceed without prepayment of fees in a prisoner action.  An inmate's motion to proceed without prepayment of fees must include a certificate completed and signed by an authorized prison official and must be accompanied by an account statement reflecting all transactions in the inmate's prison trust fund account (or institutional equivalent) for the six months immediately preceding the date of the filing of the habeas petition.

Importantly, to obtain federal habeas corpus relief under § 2254, a state prisoner must first "have exhausted 'the remedies available in the courts of the state,' unless such remedies are

absent or ineffective." Thomas v. Macon SP Warden, 2024 U.S. Dist. LEXIS 6010, at *2, 2024 WL 1092510, at *1 (11th Cir. Mar. 13, 2024) (per curiam) (quoting 28 U.S.C. § 2254(b)(1)). "[T]he purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Johnson v. Florida, 32 F.4th 1092, 1096 (11th Cir. 2022) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "If a petitioner fails to exhaust his state remedies, a district court must dismiss the [habeas] petition without prejudice to allow for such exhaustion." Gore v. Crews, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

Exhaustion has two essential requirements. Johnson, 32 F.4th at 1096. First, "to be exhausted, a federal claim must be fairly presented to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). Second, a petitioner "must take his claim 'to the state's highest court, either on direct appeal or on collateral review.'" Johnson, 32 F.4th at 1096 (quoting Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010)). To exhaust a claim fully, a petitioner must first present any federal claim through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in the Alabama Court of

5

Criminal Appeals, and a petition for discretionary review in the Alabama Supreme Court. Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam). The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).[2]

**B.    Requirements for a § 1983 Action**

An action under 42 U.S.C. § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see 42 U.S.C. § 1983. There is no "vicarious liability, including respondeat superior, in § 1983 actions." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007). Thus, a defendant "may not be sued under Section 1983 for the acts of

---

[2] "Under Alabama law, to initiate a challenge to the State's calculation of the time a prisoner must serve, a state prisoner must file a petition for writ of habeas corpus in the state circuit court in the county of the prisoner's incarceration." Pickle v. Callaway, 2025 U.S. Dist. LEXIS 103196, at *14, 2025 WL 1540364, at *5 (N.D. Ala. Apr. 28, 2025); see Ex parte Collier, 64 So. 3d 1045, 1046-49 (Ala. 2010). Thus, Alabama law provides the means for Gates to raise in state court the habeas claim he appears to assert in this action. However, there is no indication that Gates properly exhausted his claim in the Alabama state courts before filing this action in federal court. If Gates has not fully exhausted his claim(s) in the Alabama state courts, any federal habeas petition he files will be subject to being dismissed without prejudice for lack of exhaustion.

others but, rather, only for its own acts." Hamilton v. City of Jackson, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), aff'd, 261 F. App'x 182 (11th Cir. 2008). Accordingly, a plaintiff asserting a claim under 42 U.S.C. § 1983 must show a causal connection between each defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). In a § 1983 action, damages are available, in addition to injunctive and declaratory relief, which must be clearly described in detail.

Generally, complaints about a prisoner's conditions of confinement are addressed in a § 1983 action. See Cook v. Baker, 139 F. App'x 167, 168 (11th Cir. 2005) (per curiam) ("[A] civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration."). Thus, to the extent Gates seeks to challenge the conditions of his confinement or alleges some other violation of his federal constitutional or statutory rights but does not challenge the legality of his custody or seek his immediate or earlier release from custody, his claims are properly raised under § 1983.

For a § 1983 action, the Court requires a filing fee of $405.00 (comprised of a $350.00 statutory filing fee and a $55.00 administrative filing fee) or a motion to proceed without

prepayment of fees that is on this Court's required form.  Again, an inmate's motion to proceed without prepayment of fees must include a certificate completed and signed by an authorized prison official and must be accompanied by an account statement reflecting all transactions in the inmate's prison trust fund account (or institutional equivalent) for the six months immediately preceding the date of the filing of the action.  If the Court grants an inmate plaintiff's motion to proceed without prepayment of fees in a § 1983 action, the inmate may be required to pay an initial partial filing fee and will ultimately be required to pay the entire $350.00[3] statutory filing fee over time through deductions from his inmate account.  See 28 U.S.C. §§ 1914(a), 1915(a)-(b).

C.    **Gates's Motion to Proceed Without Prepayment of Fees (Doc. 2)**

Gates has filed a motion to proceed without prepayment of fees in this action.  (Doc. 2).  However, a review of the motion reveals that it is not on this Court's standard form for a motion to proceed without prepayment of fees in a prisoner action. Moreover, the motion is deficient because it does not contain a certified copy of Gates's inmate account statement reflecting all transactions in his prison trust fund account (or institutional

---

[3] A prisoner who is granted leave to proceed without prepayment of fees will not be responsible for the $55.00 administrative filing fee.  See, e.g., Morgan v. Actosta, 2020 U.S. Dist. LEXIS 266475, at *1, 2020 WL 13548621, at *1 (S.D. Fla. July 27, 2020).

equivalent) for the six months immediately preceding the date of the filing of this action. Accordingly, Gates's motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice**.

### D.    Gates's Selection

Although Gates appears to be challenging the legality of his continued confinement and seeking immediate or speedier release from prison, he also requests monetary damages, which are not available in a habeas action. Thus, it is not entirely clear from Gates's initial filing what type of action he seeks to bring. As the Court has already explained, a § 2254 habeas action and an action under 42 U.S.C. § 1983 are *mutually exclusive*. Thus, Gates must **choose** the type of action he wishes to pursue in this case.[4] In a § 2254 habeas petition, Gates can challenge the legality of his confinement and seek his release, but only after he has exhausted all of his available state court remedies. Or, in a § 1983 action, generally, Gates can bring claims that are based on his conditions of confinement or other violations of his civil rights, such as his claim for compensation for alleged over-detention. Accordingly, the Clerk is **DIRECTED** to forward to Gates a copy of the instant order and this Court's forms for a habeas

---

[4] If Gates intends to proceed with both a § 1983 civil rights complaint and a § 2254 habeas corpus petition requesting relief from custody, he must proceed in two separate cases and must pay two separate filing fees or file two separate motions to proceed without prepayment of fees.

petition under 28 U.S.C. § 2254, a prisoner complaint under 42 U.S.C. § 1983, and a motion to proceed without prepayment of fees in a prisoner action.  The Clerk is further **DIRECTED** to forward Gates a copy of his initial pleading (Doc. 1) for his reference.

If Gates desires to proceed with this action, he is **ORDERED** to complete and file, on or before **August 7, 2026,** (1) either a § 2254 habeas petition on this Court's form for a § 2254 habeas petition or a § 1983 complaint on this Court's form complaint for a prisoner action under § 1983, along with (2) either the appropriate filing fee ($5.00 for a habeas action or $405.00 for a § 1983 action) or a fully completed motion to proceed without prepayment of fees on this Court's standard form, along with a certified copy of Gates's inmate account statement reflecting all transactions in his prison trust fund account (or institutional equivalent) for the six months immediately preceding the date of the filing of the action.

Gates is **cautioned** that if he does not timely comply with this order, or if he fails to immediately notify this Court in writing of any change in his address, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's order.

**ORDERED** this **8th** day of **July, 2026.**

____**/s/ SONJA F. BIVINS**____
**UNITED STATES MAGISTRATE JUDGE**

10